IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHANLIAN QUAN and KWAN JOONG KIM | ) | |
| | ) | |
| Plaintiffs, | ) | Judge Matthew F. Kennelly |
| | ) | |
| v. | ) | Magistrate Judge Maria Valdez |
| | ) | |
| TY INC. and  H. TY WARNER, | ) | Civil Action No. 1:17-cv-05683 |
| | ) | |
| Defendants | ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

**I.     INTRODUCTION**

On August 3, 2017, Plaintiffs Shanlian Quan and Kwan Joong Kim, husband and wife ("Plaintiffs") filed this action against Ty Inc. and H. Ty Warner ("Defendants") for copyright infringement, patent infringement, and related claims. Mr. Kim is the owner of Creatail HK Limited ("Creatail") a Chinese toy factory that manufactured millions of plush toys for Ty Inc., including many of the toys accused of infringement in this case.  As part of its manufacturing activities, Creatail and Mr. Kim placed hang tags and sewn-in labels on the Ty toys clearly indicating that Ty Inc. owned all copyrights in the products.  After the parties had a falling out and Ty decided to source its toys through a different factory, Creatail suddenly, and without justification, claimed that it owned the copyrights in Ty's toys, and improperly obtained copyright registrations for Ty's toys in China and the U.S.  This case is just one in a series of baseless actions taken by Plaintiffs and Creatail in an effort to retaliate against Ty Inc. for ending its business relationship with Creatail.[1]

---

[1]Creatail and Mr. Kim have already brought two suits against Defendants in Illinois State Court based on the same underlying allegations at issue here, one of which has been dismissed, and the other of which is the subject of a pending motion to dismiss.  *See Creatail, LLC and Kwan Joong Kim v. Ty Inc. and H. Ty Warner*, 2016-L-9022, Circuit Court of Cook County, Law Division (dismissed on July 27, 2017), and

Defendants have moved to dismiss certain claims in the Complaint as follows: Counts IV and V should be dismissed because they are preempted under Section 301(a) of the Copyright Act; Counts II and III fail to state a claim for which relief can be granted because they merely allege labels and conclusions and do not include the requisite operative facts for pleading derivative copyright infringement; all claims against Mr. Warner in his individual capacity should be dismissed because Plaintiffs failed to allege sufficient facts to impose liability on Mr. Warner personally under the standards set forth in *Dangler*; and all claims for statutory damages and attorneys' fees under Section 505 of the Copyright Act should be dismissed because the alleged infringement occurred after the publication and before the registration of the claimed copyrights, and registration was not made until more than three months after the claimed first publication.

## II.  ARGUMENT

### A.  COUNTS IV AND V SHOULD BE DISMISSED BECAUSE THEY ARE PREEMPTED BY THE COPYRIGHT ACT

Counts IV and V of the Complaint charge Defendants with statutory and common law misappropriation and unfair competition, based on Defendants' alleged acts of copyright infringement. These claims fail to state a claim upon which relief can be granted because they are preempted by Section 301(a) of the Copyright Act, which states:

> On and after January 1, 1978, **all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright** as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by section

---

*Creatail HK Limited and Kwan Joong Kim v. Ty Inc. and H. Ty Warner*, 2017-L-63075, Circuit Court of Cook County, Law Division (currently pending). Ty Inc., in turn, sued Creatail HK in the Chinese courts, seeking a determination that Ty Inc. owned the copyrights in the toys that were the subject of Creatail's Chinese registrations, including the toys at issue in this case. A trial was held in China in August of 2016, and in a recent series of Orders dated September 26, 2017, the Chinese court determined that Ty Inc. is the rightful owner of the copyrights in the toys at issue in this case under Chinese law. The Chinese rulings are currently on appeal.

> 102 and 103, whether created before or after that date and whether published or unpublished, **are governed exclusively by this title**. Thereafter, **no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State**.

17 U.S.C. § 301(a) (emphasis added) (2012). The Seventh Circuit has articulated a two-part test to determine whether a claim is preempted by the Copyright Act:

> First, the work in which the right is asserted must be fixed in tangible form and come within the subject matter of copyright as specified in § 102. Second, the right must be equivalent to any of the rights specified in § 106.

*Seng-Tiong Ho v. Taflove*, 648 F.3d 489, 500 (7th Cir. 2011) (quoting *Baltimore Orioles, Inc. v. Major League Baseball Players Ass'n*, 805 F.2d 663, 674 (7th Cir. 1986)). Both of these elements are present in connection with Count IV (for statutory and common law misappropriation) and Count V (for statutory and common law unfair competition), as discussed below.

### 1. The Works Asserted By Plaintiffs Are Fixed In Tangible Form And Come Within The Subject Matter of Copyright

Each of Counts IV and V is expressly based on claimed ownership of copyrighted works. For instance, Count IV asserts that "**Plaintiffs possess exclusive ownership** interests in the **Copyrighted works** under applicable statutory and common law as in Exhibit C and D," (Compl. ¶ 51) (emphasis added). Exhibit C lists Chinese copyright registrations in plush toys allegedly owned by Plaintiff Kim, and Exhibit D lists U.S. copyright registrations in plush toys allegedly owned by Mr. Kim. And Count V alleges that Defendants have appropriated and invaded the "**property rights** of Plaintiffs **in the copyrighted works**," which are plush toys. (Compl. ¶ 57) (emphasis added). Thus, the works asserted by Plaintiffs in Counts IV and V come within the subject matter of copyright because Plaintiffs expressly identify them as "copyrighted works."

3

Moreover, the works asserted by Plaintiffs in Exhibits C and D to the Complaint are plush toys, which, by their very nature, are fixed in tangible form. The toys also come within the subject matter of copyright as specified by Section 102 of the Copyright Act, which grants copyright protection in "original works of authorship" including "pictorial, graphic, and sculptural works." 17 U.S.C. § 102(a) (5) (2012). A plush toy is considered a "sculptural work" under the copyright act. *See Ty Inc. v. Publications International, Inc.,* 292 F.3d 512, 515 (7th Cir. 2002) (noting that Ty Inc.'s Beanie Babies stuffed animals "are copyrightable as 'sculptural works.'"); *see also Copyright Registration for Pictorial, Graphic, and Sculptural Works,* Copyright Office Circular 40, Sept. 2015, at 2 *available at* https://www.copyright.gov/circs/circ40.pdf (listing "dolls" and "toys" as examples of pictorial, graphic and sculptural works protected by copyright).

### 2. The Rights Asserted By Plaintiffs Are Equivalent To The Rights Specified In Section 106 of the Copyright Act

The state and common law claims in Counts IV (for Statutory and Common Law Misappropriation) and V (for Statutory and Common Law Unfair Competition) also satisfy the second prong of the Seventh Circuit's test for preemption, in that they not only assert rights that are equivalent to the rights specified in Section 106 of the Copyright Act, but they expressly allege "infringement" of their claimed copyrights. For instance, Count IV charges that "[a]s a direct and proximate result of **the infringements by Defendants**, some, but not all, of the **infringements** are shown in Exhibit E, Plaintiffs are entitled to recover all proceeds and other compensation received or to be received arising from **the infringement of Plaintiffs' copyrighted works**" (Compl. ¶ 52) (emphasis added); "[a]s a directed and proximate result of Defendants' conduct in **violation of Plaintiffs' exclusive ownership interests in the copyrighted works**, Defendants have been unjustly enriched . . .." (Compl. ¶ 53) (emphasis

4

added); and "[u]nless enjoined and restrained by this Court, Defendants will **continue to infringe Plaintiffs' rights in their copyrighted works**."  (Compl. ¶ 55) (emphasis added).

Count V alleges that "[t]he acts and conduct of Defendants constitute an **appropriation and invasion of the property rights of Plaintiffs in the copyrighted works** . . ." (Compl. ¶ 57) (emphasis added); "Plaintiffs are entitled to recover all proceeds and other compensation received or to be received arising from the **infringements of Plaintiffs' copyrighted works**" (Compl. ¶ 58) (emphasis added); [a]s a direct and proximate result of Defendants' conduct in **violation of Plaintiffs' exclusive ownership interests in the copyrighted works** Defendants have been unjustly enriched . . . ." (Compl. ¶ 59) (emphasis added); and that "[u]nless enjoined and restrained by this Court, Defendants will **continue to infringe Plaintiffs' rights in their copyrighted works**."  (Compl. ¶ 61) (emphasis added).

These are, on their face, claims for copyright infringement which are preempted under Section 301 of the Copyright Act, which expressly forbids recovery for copyright violations "under the common law or statutes of any state," and should be dismissed.  *See Taflove*, 648 F.3d at 502-503 (plaintiff's claim that defendant "misappropriated" plaintiff's copyrighted works and engaged in "fraud" was preempted under the Copyright Act, and summary judgment for defendant was affirmed); *Cyber Websmith, Inc. v. Am. Dental Ass'n*, No. 09-CV-6198, 2010 WL 3075726, at *3 (N.D. Ill. Aug. 4, 2010) (unfair competition claims under Lanham Act and IUDTPA preempted by Section 301(a) of the Copyright Act because there was no "qualitative difference" between these claims and the copyright claims); and *Defined Space, Inc. v. Lakeshore E., LLC,* 797 F. Supp. 2d 896, 903 (N.D. Ill. 2011) (claims under Illinois Consumer Fraud and Deceptive Business Practices Act, the Illinois Uniform Deceptive Trade Practices Act, and Illinois common law were preempted by the Copyright Act: "the rights asserted under

Illinois state law in this case are not qualitatively different from the rights conferred under the Copyright Act.").

**B.    COUNT II FOR CONTRIBUTORY COPYRIGHT INFRINGEMENT FAILS TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED**

A contributory copyright infringement occurs when the defendant "with knowledge of the infringing activity, induces, causes, or materially contributes to the infringing conduct of another." *In re Aimster Copyright Litig.*, 252 F. Supp.2d 634, 649 (N.D. Ill. 2002), *aff'd*, 334 F.3d 643 (7th Cir. 2003) (citation omitted). To state a claim for contributory copyright infringement, a plaintiff must plead "(1) direct infringement by a primary infringer, (2) the defendant's knowledge of the infringement, and (3) the defendant's material contribution to the infringement." *Flava Works, Inc. v. Clavio*, No. 11 C 05100, 2012 WL 2459146, *2 (N.D. Ill. June 27, 2012) (citation omitted). This derivative type of infringement is "premised on someone else's infringement of a work . . . ." *Id.*

In Count II of the Complaint, Plaintiffs allege:

> Defendants knowingly and systematically have materially contributed to, intentionally induced, and/or caused its distributors to infringe Plaintiffs' copyrights in their works, including by materially contributing to, intentionally inducing, and/or causing unauthorized reproductions and distributions of plush toys without authorization in violation of Sections 106 et seq. and Section 501 of the Copyright Act.

(Compl. ¶ 35). Supreme Court precedent requires that "the plaintiff plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Flava Works,* at *2 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)). In *Flava Works*, claims for contributory and vicarious copyright infringement were dismissed because the plaintiff "merely alleges labels and conclusions, and does not include operative facts, such as identifying the actual work that is being infringed and the means of its copying and/or

6

distribution." *Id*. at *2.

In the case at bar, Plaintiffs similarly "merely allege labels and conclusions" without specifically identifying the third party who is allegedly involved in a direct infringement. The general allegation that Ty's "distributors" are direct infringers is unhelpful because Ty does not have any "distributors" who reproduce or distribute the allegedly infringing product. Plaintiffs' failure to specifically identify any third parties who are allegedly involved in direct infringement to which Defendants are allegedly contributing is fatal to its claim for contributory infringement, and Count II should be dismissed for this reason. *See Flava Works,* at *3 (dismissing claim for contributory infringement where the complaint failed to include factual allegations of some third-party who was infringing with the assistance and knowledge of defendant: "[a]n amended complaint would have to identify a third-party (or if the third-party's name is not known, at least provide some specifics as to a third-party infringer) who infringed with [the defendant's] assistance and knowledge.").

### C. COUNT III FOR VICARIOUS COPYRIGHT INFRINGEMENT FAILS TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED

The Supreme Court has held that one "infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it." *UIRC-GSA Holdings, Inc. v. William Blair & Co.*, No. 15-CV-9518, 2017 WL 1163864, at *5 (N.D. Ill. March 29, 2017) (quoting *Metro-Goldwyn Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930-31 (2005)). "To sustain a claim for vicarious copyright infringement, the plaintiff must prove that 'the defendant: (1) at all material times possessed the right and ability to supervise the infringing activity; and (2) has a direct financial interest in the infringer's activity." *Id*. (citing *Frerck v. John Wiley & Sons, Inc*., No. 11-CV-2727, 2014 WL 3512991, at *9 (N.D. Ill. July 14, 2014)). Neither element has been properly alleged in Count III of the Complaint here. In fact, Plaintiffs

merely allege that "Defendants have the right and ability to supervise and/or control the **infringing conduct of their employees**. Defendants knowingly and systematically have materially contributed to, intentionally induced, and/or **caused its employees to infringe** Plaintiff's copyrights in their works . . . ." (Compl. ¶ 43) (emphasis added).

As with contributory infringement, vicarious infringement is a derivative infringement claim that is "premised on someone else's infringement of a work." *Flava Works*, at *2. Ty's own employees cannot be third parties for purposes of pleading vicarious copyright infringement, since the actions of Ty Inc. employees within the scope of their employment are, for all intents and purposes, the actions of Ty Inc. Indeed, "[a]n employee who commits an act of infringement will not be personally liable if that act was required as a part of his employment and if, further, he was not permitted to exercise discretion, judgment, or responsibility in the conduct of his duties." *3 Nimmer on Copyright* § 12.04. Thus, the allegations, on their face, do not support a claim that there was "infringing activity" by third parties.

Moreover, the allegations in Count III lack "factual content" that allows this Court to draw the reasonable inference that the defendants are liable for the misconduct alleged, since the allegations do not identify which employees are allegedly engaging in infringing conduct, where they are located (i.e. in the U.S. or in China), and exactly how their conduct constitutes copyright infringement. Accordingly, the first element of vicarious copyright infringement was not properly pled.

Neither did Plaintiffs satisfy the second element of pleading vicarious infringement because nowhere in Count III do Plaintiffs allege that Defendants had a "direct financial interest" in the allegedly infringing activity. The failure to make such allegations requires dismissal of Count III. *See UIRC-GSA Holdings, Inc.*, at *6 (claim for vicarious copyright infringement

dismissed where, among other things, the plaintiff's allegations "do not allege or even support an inference that [the defendant] had a direct financial interest in or received any personal financial benefit from the alleged infringing activity."); *see also Flava Works*, , at *4 (granting motion to dismiss because plaintiff failed to "allege any facts to suggest that [the defendant] received a direct financial benefit as a result of the infringing activity.").  For these reasons, Count III should be dismissed as well.

### D.    ALL CLAIMS AGAINST TY WARNER INDIVIDUALLY SHOULD BE DISMISSED

Plaintiffs have brought this suit against the corporate entity Ty Inc., as well as the individual H. Ty Warner who, according to the Complaint, "is an Illinois Resident with its [sic] principal place of residence at 280 CHESTNUT ST, WESTMONT, 60559, IL" (the same address alleged to be Ty Inc.'s principal place of business, *see* Compl.¶ 5).  The Complaint contains no other allegations directed to Mr. Warner personally.  Instead, Plaintiffs direct all of their counts against "Defendants" generally, who are listed in the caption as Ty Inc. and Mr. Warner.  However, it is evident, from the context of the allegations, that the claimed misconduct is directed at the actions of the corporate entity Ty Inc. and not the individual, Mr. Warner.  For instance, Plaintiffs allege that "Defendants have and are continuing to market and sell or distribute the counterfeit plush toys of Quan **under Ty brand name** worldwide for two years at least.  Some, but not all, of the infringements are shown in Exhibit E."  (Compl. ¶ 25, emphasis added).  Exhibit E, in turn, shows pages from the **Ty Inc.** website.  Thus, all allegations of infringement are based on the purported actions of the corporate entity Ty Inc., not Mr. Warner personally.  There is evidence pleaded or allegation made that supports any claim that Mr. Warner, acting in his individual capacity, infringed any copyrights or patents allegedly belonging to Plaintiffs.

In order to properly allege copyright infringement, patent infringement, and related unfair competition claims against Mr. Warner individually, Plaintiffs must plead a special showing that Mr. Warner was acting outside of his official duties for Ty Inc. With respect to the liability of a corporate officer based on a corporation's alleged infringement, the Seventh Circuit has stated:

> It is when the officer acts willfully and knowingly—that is, when he personally participates in the manufacture or sale of the infringing article (acts other than as an officer), or when he uses the corporation as an instrument to carry out his own willful and deliberate infringements, or when he knowingly uses an irresponsible corporation with the purpose of avoiding personal liability—that officers are held jointly with the company.

*Dangler v. Imperial Mach. Co.*, 11 F.2d 945, 947, 948 (7th Cir. 1926) (reversing patent infringement liability imposed on officers and directors of alleged corporate infringer where these elements were not satisfied). In the case at bar, there are no allegations in the Complaint that Mr. Warner is even associated with Ty Inc., let alone that he personally participated in the manufacture or sale of the allegedly infringing articles; used the corporation as an instrument to carry out his deliberate infringement; or knowingly used an irresponsible corporation to avoid personal liability. The only specific allegation about Mr. Warner is that "he is an Illinois resident . . . ." (Compl. ¶ 5). This comes nowhere near to satisfying *Dangler*, and all claims against Mr. Warner should be dismissed.

A number of courts have dismissed copyright infringement, and state unfair competition claims against individual corporate officer defendants for a failure to satisfy *Dangler*. *See e.g*, *Live Face on Web, LLC v. Kam Dev.t, LLC*, No. 16 C 8604, 2016 WL 7374279, at *5 (N.D. Ill. Dec. 20, 2016) (copyright infringement claims against principal of corporate defendant dismissed because complaint lacked sufficient factual allegations under *Dangler*); *AVKO Educ. Research Found., Inc. v. Wave 3 Learning Inc*., No. 15-CV-3393, 2015 WL 6123547, at *8 (N.D. Ill. Oct. 15, 2015) (dismissing copyright claim against CEO of corporate defendant where

the facts alleged in the complaint "do not make a special showing that Morrow was acting outside of his official duties."); *Serv. by Air, Inc. v. Phoenix Cartage and Air Freight, LLC*, 78 F.Supp.3d 852, 866 (N.D. Ill. 2015) (where plaintiff failed to satisfy the *Dangler* special pleading requirement, claims of unfair competition in violation of the Illinois Deceptive Trade Practices Act and Illinois common law, and related claims, were dismissed.); *FM Indus., Inc. v. Citicorp Credit Servs., Inc.*, No. CIV.A. 07 C 1794, 2007 WL 4335264 at *4 (N.D. Ill. Dec. 5, 2007) (dismissing copyright claims against two employees of corporate defendant: "[t]he special showing standard is not met when individual defendants have done nothing beyond the scope of their duties as officers and the corporation was not organized to permit the individual defendants to profit from infringement or hide personal responsibility.").

Indeed, the general principles behind piercing the corporate veil support dismissal of the claims against Mr. Warner personally. "One who seeks to have the courts apply an exception to the rule of separate corporate existence . . . must seek that relief in his pleading and carry the burden of proving actual identity or a misuse of corporate form which, unless disregarded, will result in a fraud on him." *S. Side Bank v. T.S.B.Corp.*, 419 N.E.2d 477, 479-80 (1981) (upholding dismissal of case for failure to state a cause of action where complaint failed to allege that defendant was the alter ego of the corporation that was the real target of the suit.); *see also United States v. A & C Invs., Inc.*, 513 F. Supp. 589, 591 (N.D. Ill. 1981) (dismissing breach of contract claims against individual officers of defendant corporation where contract at issue was entered into by the corporation, not the individuals, and where the allegations in the complaint were "insufficient to state a claim" against the individuals "on the basis of disregarding the corporate form of A and C Investments . . . ."); *Gordon v Int'l Tel. and Tel. Corp.*, 273 F. Supp. 164, 166 (N.D. Ill. 1967) (dismissing claims against defendant where there were no allegations in

the complaint to support a claim for piercing the corporate veil, and where the only allegation

against defendant was that it was the parent of another corporate defendant: "ITT is correct in its

assertion that mere ownership of stock does not make a parent corporation liable for the acts of

its subsidiary.").  Because the Complaint contains no allegations supporting a claim that Mr.

Warner is personally liable for the conduct of the corporate defendant Ty Inc., all claims against

Mr. Warner should be dismissed for this reason as well.

### E. PLAINTIFFS CANNOT RECOVER STATUTORY DAMAGES OR ATTORNEYS' FEES UNDER THE COPYRIGHT ACT

In the Complaint, Plaintiffs seek to recover "maximum statutory damages" under Section

504 of the Copyright Act and "attorneys' fees" under Section 505 of the Copyright Act in

connection with the three counts for copyright infringement. (*See* Compl. ¶¶ 31-32, 39-40, 47-

48; Prayer for Relief ¶¶ 1, 10).  However, Plaintiffs are not entitled to recover statutory damages

or attorney's fees under the Copyright Act because they have not satisfied Section 412 of the

Act, which states in relevant part:

> In any action under this title . . . no award of statutory damages or of attorney's
> fees, as provided by sections 504 and 505, shall be made for—. . . (2) any
> infringement of copyright commenced after first publication of the work and
> before the effective date of its registration, unless such registration is made within
> three months after the first publication of the work.

17 U.S.C. § 412  (2012).  As set forth below, the alleged infringement of Plaintiffs' claimed

copyrighted works commenced after the alleged copyrights were first published and before the

effective date of Plaintiffs' registrations, which were not made within three months after the first

publication of the claimed works, so neither statutory damages nor attorneys' fees are

recoverable here.

### 1. The Alleged Infringement Commenced After The Works Were Published

Paragraph 25 of the Complaint contends that "Defendants have and are continuing to market and sell or distribute the counterfeit plush toys of Quan under Ty's brand name worldwide for **two years at least**." (Compl. ¶ 25) (emphasis added). The Complaint is dated August 3, 2017, which means that Plaintiffs contend that the alleged infringement commenced as early as August 3, 2015. Exhibit E to the Complaint, which contains website screen shots for the fifteen allegedly infringing toys according to paragraph 25 of the Complaint, includes toys identified by Plaintiffs as a Grey Seal, Husky Dog, Penguin, Sitting Koala, Sitting Bear, Sitting Cat, Sitting Cheetah, Sitting Elephant, Sitting Gorilla, Sitting Lion, Sitting Monkey, Sitting Panda, Sitting Raccoon, Siamese Cat, and Sitting Tiger. The corresponding U.S. Copyright Registrations for the toys that were allegedly infringed by Defendants according to paragraph 22 of the Complaint, are listed in Exhibit D to the Complaint. Copies of the U.S. Registrations identified by Plaintiffs are attached hereto as Exhibit 1.[2] A summary of the titles given to each toy by Plaintiffs and the registration number listed by Plaintiffs in Exhibit D to the Complaint, and the publication and registration dates contained on the identified registrations is as follows:

| Title on Ex. D to Complaint | U.S. Registration No. Listed In Ex. D to Complaint | Publication Date Listed On Plaintiff's US Registrations (Ex. 1) | Registration Date Listed On Plaintiff's US Registrations (Ex. 1) |
|---|---|---|---|
| Sitting Tiger | VA 2-002-972 | July 07, 2014 | April 11, 2016 |
| Sitting Bear | VA 2-002-974 | July 09, 2014 | April 11, 2016 |

---

[2] The attached copies of the first page of certificates of copyright registration (with the exception of the Husky Dog certificate) were submitted as Exhibit C to the Complaint against Defendants in the Illinois State Court action No. 2016-L-009022. The U.S. copyright registration data for the Husky Dog was taken from the public catalog for the registration from the records of the U.S. Copyright Office.

| Title on Ex. D to Complaint | U.S. Registration No. Listed In Ex. D to Complaint | Publication Date Listed On Plaintiff's US Registrations (Ex. 1) | Registration Date Listed On Plaintiff's US Registrations (Ex. 1) |
|---|---|---|---|
| Sitting Gorilla | VA 2-001-585 | March 25, 2015 | April 12, 2016 |
| Sitting Cat | VA 2-001-582 | January 10, 2015 | April 12, 2016 |
| Sitting Raccoon | VA 2-000-969 | July 21, 2014 | April 12, 2016 |
| Sitting Monkey | VA 2-000-970 | July 4, 2014 | April 11, 2016 |
| Sitting Lion | VA 2-002-235 | July 7, 2014 | April 11, 2016 |
| Sitting Panda | VA 2-002-241 | July 9, 2014 | April 11, 2016 |
| Sitting Elephant | VA 2-002-239 | July 9, 2014 | April 11, 2016 |
| Sitting Cheetah | VA 2-002-229 | July 4, 2014 | April 11, 2016 |
| Sitting Koala | VA 2-002-237 | March 25, 2015 | April 12, 2016 |
| Grey Seal | VA 2-002-231 | May 22, 2015 | April 12, 2016 |
| Sitting Siamese Cat | VA 2-002-225 | March 27, 2014 | April 12, 2016 |
| Penguin | VA 2-002-222 | July 26, 2014 | April 12, 2016 |
| Husky Dog | VA 2-041-576 | August 22, 2014 | August 22, 2016 |

As demonstrated by the foregoing, based on Plaintiffs' allegation that the alleged infringements commenced at least as early as August 3, 2015, this was after the alleged first publication of Plaintiff's plush toys, yet before the registration dates for each toy. Also, the registration dates were not within three months of the claimed first publication. Consequently, all claims for statutory damages and attorneys' fees in connection with the copyright infringement claims should be dismissed. *See Budget Cinema, Inc. v. Watertower Assocs.*, 81 F.3d 729, 733 (7th Cir. 1996) ("Budget was not entitled to statutory damages or attorney's fees

because the alleged infringement commenced before the effective date of Budget's copyright registration."); *see also Healix Infusion Therapy, Inc. v. HHI Infusion Services, Inc.*, No. 10 C 3772, 2011 WL 291063 at *3 (N.D. Ill. Jan. 27, 2011) (dismissing plaintiff's claims for statutory damages and attorney's fees where claimed copyright material was published over five years before the effective date of the copyright registration, and the alleged infringement occurred after the copyrighted material's publication date).

## III. CONCLUSION

For the reasons stated herein, Defendants respectfully request that this Court dismiss Counts II –IV of the Complaint, as well as all claims against Mr. Warner individually, and all claims for statutory damages and attorney's fees under the Copyright Act.

October 30, 2017
Respectfully submitted,

HUSCH BLACKWELL LLP

/s/ *J. Aron Carnahan*
James P. White
Laurie A. Haynie
J. Aron Carnahan
Husch Blackwell LLP
120 South Riverside Plaza, Suite 2200
Chicago, IL 60606
Direct: 312.526.1612
Fax: 312.655.1501
aron.carnahan@huschblackwell.com

*Counsel for Defendants*

15

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on October 30, 2017.

/s/ *J. Aron Carnahan*
J. Aron Carnahan